UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLIFTON T. MCNEILL,<br>Petitioner | CIVIL ACTION NO. 1:17-CV-815-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Clifton T. McNeill. ("McNeill") (#51154-056). McNeill is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. McNeill challenges his conviction and sentence imposed in the United States District Court for the Eastern District of North Carolina.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

McNeill pled guilty to unlawful possession of a firearm and possession with intent to distribute crack cocaine. United States v. McNeill, 598 F.3d 161, 163 (4th Cir. 2010). The court determined McNeill was an armed career criminal and upwardly departed from the United States Sentencing Guidelines. The court sentenced McNeill to 300 months' imprisonment on Count One and 240 months'

imprisonment on Count Two, the maximum sentence applicable to McNeill under 21 U.S.C. § 841(b)(1)(C).  Id. at 163.  The appellate court found McNeill was properly sentenced as an armed career criminal, and that the sentence was reasonable.  Id. at 166-67.  The Supreme Court affirmed.  McNeill v. United States, 563 U.S. 816 (2011).

McNeill filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming he was no longer an armed career criminal under Johnson v. United States, 135 S. Ct. 2551 (2015).  See McNeill v. United States, No. 5:08-CR-2, 2017 WL 1378101, at *1 (E.D. N.C., Apr. 12, 2017).  The district court dismissed the motion, stating:

> Johnson does not help McNeill. McNeill continues to have numerous qualifying convictions for serious drug offenses under 18 U.S.C. § 924(e) even after Johnson, See, e.g., PSR ¶¶ 8-11, 16; McNeill, 563 U.S. at 821; United States v. Newbold, 791 F.3d 455, 464 (4th Cir. 2015). Thus, McNeill remains an armed career criminal.

McNeill v. United States, No. 5:08-CR-2, 2017 WL 1378101, at *2 (E.D. N.C., Apr. 12, 2017).  The district court denied certificate of appealability.

McNeill filed the § 2241 petition before this Court arguing that his sentence is unconstitutional under Mathis v. United States, 136 S.Ct. 2243 (2016).

II.     **Law and Analysis**

McNeill seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction.  See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).  The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his

detention." 28 U.S.C. § 2255(e).  The burden of affirmatively proving that the § 2255 remedy is inadequate is squarely on the petitioner.  See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).  A prisoner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate.  See Pack, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies.  A petitioner must demonstrate that: (1) his claims are based on a retroactively applicable Supreme Court decision, which establishes that he may have been convicted of a nonexistent offense; and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion.  See Reyes–Requena, 243 F.3d 893, 904 (5th Cir. 2001).

McNeill seeks to proceed under Mathis.  However, McNeill has not shown that Mathis—which was a direct appeal of a sentence—sets forth a new rule of constitutional law that has been made retroactive to cases on collateral review.  See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2) because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016) (Mathis has not been declared

3

retroactive by the Supreme Court); United States v. Taylor, No. 16-6223, 2016 WL 7093905 (10th Cir. Dec. 6, 2016) (Mathis did not announce a new substantive rule).

In fact, the Supreme Court explicitly stated in Mathis that it was not announcing a new rule, and that its decision was dictated by decades of prior precedent. See Mathis, 136 S. Ct. at 2257; see also Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

McNeill has not identified a Supreme Court case setting forth a new rule of constitutional law that has been made retroactive to cases on collateral review. Thus, he cannot meet the requirements of the savings clause.

III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that McNeill's § 2241 petition be DENIED and DISMISSED, with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __21st__ day of September, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge